ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 02 2022 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BS, an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

Plaintiffs,

v.

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANESTHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.

Civil Action No.
22-CV-

CV 22-3246

(________, J.)
(________, M.J.)

**NOTICE OF REMOVAL**

VITALIANO, J.

MANN. M.J.

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that an action pending in the Supreme Court of the State of New York, County of Queens, has been removed to the United States District Court for the Eastern District of New York.

BREON PEACE, United States Attorney for the Eastern District of New York, by KIMBERLY A. FRANCIS, Assistant United States Attorney, of counsel, respectfully states the following facts upon information and belief:

1. The above-captioned action was commenced in the Supreme Court of the State of New York, County of Queens, Index No. 717198/2021, and names as Defendants Victoria Vallejo, Katrina Davis, Melanie Jackson, Abdul Shakil Khokhar, North American Partners in Anesthesia LLP, and Long Island Jewish Forest Hills. *See* Summons and Verified Complaint (the "Complaint"), dated July 29, 2021, and annexed hereto as Exhibit A.

2.     This action alleges medical malpractice on the part of the Defendants. Specifically, the Complaint alleges that from on or about July 31, 2020, Defendants were negligent in the administration of proper medical care. *See generally* Exhibit A, Complaint.

3.     On or about September 10, 2021, Defendants Abdul Shakil Khokhar and North American Partners in Anesthesia LLC filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit B.

4.     On or about September 17, 2021, Defendants Katrina Davis, Melanie Jackson, and Long Island Jewish Forest Hills filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit C.

5.     On or about December 13, 2021, Defendant Victoria Vallejo filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit D.

6.     At all relevant times articulated in the Complaint, Urban Health Plan, Inc. ("Health Center") was a federally supported health center and deemed by the Department of Health and Human Services, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) ("FSHCAA"), eligible for coverage under the Federal Tort Claims Act. *See* Declaration of Meredith Torres, annexed hereto as Exhibit E.

7.     At all relevant times articulated in the Complaint, Defendant Victoria Vallejo was an employee of the Health Center, and was acting within the course and scope of such deemed employment with the United States of America, and therefore deemed eligible for coverage under the Federal Tort Claims Act. *See* Exhibit E; Certification of Scope of Employment and Notice of Substitution of the United States of America by Assistant U.S. Attorney Kimberly A. Francis, dated June 2, 2022, attached hereto as Exhibit F.

8. Pursuant to 42 U.S.C. § 233(c), this action may be removed to this Court because the Verified Complaint purports to assert claims against the United States of America, by way of Defendant Victoria Vallejo, and purports to raise matters under federal law.

9. Pursuant to 42 U.S.C. § 233(c), 28 C.F.R. § 15.4, and the Certification of Scope of Employment, the United States of America is substituted as the party defendant for Defendant Victoria Vallejo. *See* Certification of Scope of Employment (Exhibit F).

10. Pursuant to 28 U.S.C. § 2408 and 42 U.S.C. § 233(c), the United States of America may remove this action without a bond.

11. The United States Attorney's Office has not yet been served with the Summons and Verified Complaint in this action. This Office has, however, received notice of this action by letter dated May 23, 2022.

12. In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this Notice with the Clerk of the Court, Supreme Court of the State of New York, County of Queens, shall effect the removal and the local court shall proceed no further with respect to the action, unless and until the case is remanded.

[*Remainder of page intentionally left blank*]

WHEREFORE, it is respectfully requested that the above-captioned action that is pending in the Supreme Court for the State of New York, County of Queens be removed to this Court.

Dated: Brooklyn, New York
June 2, 2022

Respectfully submitted,

BREON PEACE
United States Attorney

By: */s/ Kimberly A. Francis*
KIMBERLY A. FRANCIS
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6147
Kimberly.Francis@usdoj.gov
*Attorney for Defendant United States of America*

To: Clerk of the Court (by ECF)
Supreme Court of the State of New York
County of Queens
88-11 Sutphin Boulevard
Jamaica, New York 11435

Mark L. Bodner, Esq. (by ECF and Federal Express)
MARK L. BODNER, P.C.
350 Seventh Avenue, Suite 604
New York, New York 10001
(212) 486-3000
*Attorneys for Plaintiffs*

Jordan B. Karp (by ECF and Federal Express)
FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN LLP
110 Marcus Boulevard
Hauppauge, New York 11788
(631) 232-0200
*Attorneys for Defendant Victoria Vallejo*

Laura M. Papa (by ECF and Federal Express)
Mia-Laine Martinez (by ECF and Federal Express)
Mark Khavkin (by ECF and Federal Express)
SHAUB, AHMUTY, CITRIN & SPRATT LLP
1983 Marcus Avenue Suite 260
New Hyde Park, New York 11042
(516) 488-3300
*Attorneys for Defendants Katrina Davis, Melanie Jackson, and Long Island Jewish Forest Hills*

Hal Roberts (by ECF and Federal Express)
Mark Francis McAndrew (by ECF and Federal Express)
VOUTÉ, LOHRFINK, MCANDREW, MEISNER & ROBERTS LLP
170 Hamilton Avenue
White Plains, New York 10601
(914) 946-1400
*Attorneys for Defendants Abdul Shakil Khokhar and North American Partners in Anesthesia, L.L.P.*

# EXHIBIT  A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

B[redacted] S[redacted], an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

Plaintiffs,

- against -

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANESTHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.

Index No.:
Date Purchased:
**SUMMONS**

Plaintiffs designate QUEENS COUNTY as the place of trial. The basis of the venue is Defendants' place of business.

Defendants' address is:
102-01 66th Road
Forest Hills, New York 11375

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
July 29, 2021

MARK L. BODNER, P.C.

By: ______________________________
MARK L. BODNER, ESQ.
*Attorneys for Plaintiffs*
350 Seventh Avenue, Suite 604
New York, New York 10001
(212) 486-3000

FILED: QUEENS COUNTY CLERK 07/29/2021 04:05 PM INDEX NO. 717198/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 07/29/2021

Defendants' addresses:
VICTORIA VALLEJO
102-01 66th Road
Forest Hills, New York 11375

KATRINA DAVIS
102-01 66th Road
Forest Hills, New York 11375

MELANIE JACKSON
102-01 66th Road
Forest Hills, New York 11375

ABDUL SHAKIL KHOKHAR
102-01 66th Road
Forest Hills, New York 11375

NORTH AMERICAN PARTNERS IN ANESTHESIA, L.L.P.
68 South Service Road, Suite 350
Melville, New York 11747

LONG ISLAND JEWISH FOREST HILLS
102-01 66th Road
Forest Hills, New York 11375

- 2 -

2 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ---x<br>B[redacted] S[redacted], an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,<br><br>Plaintiffs,<br><br>- against -<br><br>VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANESTHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,<br><br>Defendants.<br>---x | Index No.:<br>Date Filed:<br><br>**VERIFIED COMPLAINT** |

Plaintiffs, above named, complaining of the defendants by their attorneys, **MARK L. BODNER, P.C.** respectfully alleges:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times herein mentioned, defendant **VICTORIA VALLEJO** was a physician duly licensed to practice medicine in the State of New York.

2. At all times herein mentioned, infant-plaintiff **B**[redacted] **S**[redacted]**Z** was a patient of **VICTORIA VALLEJO**.

3. At all times herein mentioned, plaintiff **ANA MARIA JEREZ** was a patient of **VICTORIA VALLEJO.**

4. At all times herein mentioned, defendant **VICTORIA VALLEJO** was an agent, servant and/or employee of defendant **LONG ISLAND JEWISH FOREST HILLS**.

5. During her pregnancy, labor and delivery with the infant-plaintiff **B**[redacted] **S**[redacted] plaintiff **ANA MARIA JEREZ** was a patient of the defendants **VICTORIA**

**VALLEJO** and **LONG ISLAND JEWISH FOREST HILLS**, its agents, servants and/or employees from on and before August 1, 2020; plaintiff **ANA MARIA JEREZ** was admitted to defendant **LONG ISLAND JEWISH FOREST HILLS** under the medical diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and the infant-plaintiff **B███ S███** was delivered of her mother plaintiff **ANA MARIA JEREZ** by the defendants, their agents, servants and/or employees on or about July 31, 2020; and thereafter, both plaintiff **ANA MARIA JEREZ** and infant-plaintiff **B███ S███** remained under the continuing diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and as a result of the foregoing medical diagnosis, care and treatment, both infant-plaintiff **B███ S███** and plaintiff **ANA MARIA JEREZ** sustained severe injuries and complications.

6. Said occurrence was due to the carelessness and negligence of the defendants, their agents, servants and/or employees without any fault or lack of care on the part of the plaintiffs herein.

7. By reason of the foregoing, both infant-plaintiff **B███ S███** and plaintiff **ANA MARIA JEREZ** sustained severe and serious personal injuries, including conscious pain and suffering, a severe shock to their nervous system and certain internal injuries and were caused to suffer severe physical pain and mental anguish, economic loss and loss of enjoyment of life, and as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature.

8. Both infant-plaintiff **B███ S███** and plaintiff **ANA MARIA JEREZ** were confined to bed and home as a result thereof, and were incapacitated from

attending to what otherwise would have been their regular activities; and there were caused to be expended sums of money for medical and hospital care on their behalf.

9. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION**

10. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 9. inclusive, with the same force and effect as if hereinafter set forth at length.

11. At all times herein mentioned, defendant **KATRINA DAVIS** was a physician assistant duly licensed to practice medicine in the State of New York.

12. At all times herein mentioned, infant-plaintiff B[redacted] S[redacted] was a patient of **KATRINA DAVIS**.

13. At all times herein mentioned, plaintiff **ANA MARIA JEREZ** was a patient of **KATRINA DAVIS.**

14. At all times herein mentioned, defendant **KATRINA DAVIS** was an agent, servant and/or employee of defendants **LONG ISLAND JEWISH FOREST HILLS**.

15. During her pregnancy, labor and delivery with the infant-plaintiff B[redacted] S[redacted] plaintiff **ANA MARIA JEREZ** was a patient of the defendants **KATRINA DAVIS and LONG ISLAND JEWISH FOREST HILLS**, its agents, servants and/or employees from on and before August 1, 2020; plaintiff **ANA MARIA JEREZ** was admitted to defendant **LONG ISLAND JEWISH FOREST HILLS** under the medical diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and the infant-plaintiff B[redacted] S[redacted] was delivered of her mother plaintiff **ANA MARIA JEREZ**

by the defendants, their agents, servants and/or employees on or about July 31, 2020; and thereafter, both plaintiff **ANA MARIA JEREZ** and infant-plaintiff B[redacted] S[redacted] remained under the continuing diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and as a result of the foregoing medical diagnosis, care and treatment, both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** sustained severe injuries and complications.

16. Said occurrence was due to the carelessness and negligence of the defendants, their agents, servants and/or employees without any fault or lack of care on the part of the plaintiffs herein.

17. By reason of the foregoing, both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** sustained severe and serious personal injuries, including conscious pain and suffering, a severe shock to their nervous system and certain internal injuries and were caused to suffer severe physical pain and mental anguish, economic loss and loss of enjoyment of life, and as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature.

18. Both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** were confined to bed and home as a result thereof, and were incapacitated from attending to what otherwise would have been their regular activities; and there were caused to be expended sums of money for medical and hospital care on their behalf.

19. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION**

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 19. inclusive, with the same force and effect as if hereinafter set forth at length.

21. At all times herein mentioned, defendant **MELANIE JACKSON** was a physician assistant duly licensed to practice medicine in the State of New York.

22. At all times herein mentioned, infant-plaintiff B[redacted] S[redacted] was a patient of **MELANIE JACKSON.**

23. At all times herein mentioned, plaintiff **ANA MARIA JEREZ** was a patient of **MELANIE JACKSON.**

24. At all times herein mentioned, defendant **MELANIE JACKSON** was an agent, servant and/or employee of defendants **LONG ISLAND JEWISH FOREST HILLS.**

25. During her pregnancy, labor and delivery with the infant-plaintiff B[redacted] SA[redacted] plaintiff **ANA MARIA JEREZ** was a patient of the defendants **MELANIE JACKSON and LONG ISLAND JEWISH FOREST HILLS**, its agents, servants and/or employees from on and before August 1, 2020; plaintiff **ANA MARIA JEREZ** was admitted to defendant **LONG ISLAND JEWISH FOREST HILLS** under the medical diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and the infant-plaintiff B[redacted] S[redacted] was delivered of her mother plaintiff **ANA MARIA JEREZ** by the defendants, their agents, servants and/or employees on or about July 31, 2020; and thereafter, both plaintiff **ANA MARIA JEREZ** and infant-plaintiff B[redacted] S[redacted] remained under the continuing diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and as a result of the foregoing medical diagnosis, care and

treatment, both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** sustained severe injuries and complications.

26. Said occurrence was due to the carelessness and negligence of the defendants, their agents, servants and/or employees without any fault or lack of care on the part of the plaintiffs herein.

27. By reason of the foregoing, both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** sustained severe and serious personal injuries, including conscious pain and suffering, a severe shock to their nervous system and certain internal injuries and were caused to suffer severe physical pain and mental anguish, economic loss and loss of enjoyment of life, and as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature.

28. Both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** were confined to bed and home as a result thereof, and were incapacitated from attending to what otherwise would have been their regular activities; and there were caused to be expended sums of money for medical and hospital care on their behalf.

29. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION**

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 29. inclusive, with the same force and effect as if hereinafter set forth at length.

31. At all times herein mentioned, defendant **ABDUL SHAKIL KHOKHAR** was a physician duly licensed to practice medicine in the State of New York.

32. At all times herein mentioned, infant-plaintiff B[redacted] S[redacted] was a patient of **ABDUL SHAKIL KHOKHAR.**

33. At all times herein mentioned, plaintiff **ANA MARIA JEREZ** was a patient of **ABDUL SHAKIL KHOKHAR.**

34. At all times herein mentioned, defendant **ABDUL SHAKIL KHOKHAR** was an agent, servant and/or employee of defendants **LONG ISLAND JEWISH FOREST HILLS and NORTH AMERICAN PARTNERS IN ANESTHESIA LLP.**

35. During her pregnancy, labor and delivery with the infant-plaintiff B[redacted] S[redacted] plaintiff **ANA MARIA JEREZ** was a patient of the defendants **ABDUL SHAKIL KHOKHAR, LONG ISLAND JEWISH FOREST HILLS and NORTH AMERICAN PARTNERS IN ANESTHESIA LLP**, its agents, servants and/or employees from on and before August 1, 2020; plaintiff **ANA MARIA JEREZ** was admitted to defendant **LONG ISLAND JEWISH FOREST HILLS** under the medical diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and the infant-plaintiff B[redacted] S[redacted] was delivered of her mother plaintiff **ANA MARIA JEREZ** by the defendants, their agents, servants and/or employees on or about July 31, 2020; and thereafter, both plaintiff **ANA MARIA JEREZ** and infant-plaintiff B[redacted] S[redacted] remained under the continuing diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and as a result of the foregoing medical diagnosis, care and treatment, both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** sustained severe injuries and complications.

36. Said occurrence was due to the carelessness and negligence of the defendants, their agents, servants and/or employees without any fault or lack of care on the part of the plaintiffs herein.

37. By reason of the foregoing, both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** sustained severe and serious personal injuries, including conscious pain and suffering, a severe shock to their nervous system and certain internal injuries and were caused to suffer severe physical pain and mental anguish, economic loss and loss of enjoyment of life, and as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature.

38. Both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** were confined to bed and home as a result thereof, and were incapacitated from attending to what otherwise would have been their regular activities; and there were caused to be expended sums of money for medical and hospital care on their behalf.

39. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FIFTH CAUSE OF ACTION**

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 39. inclusive, with the same force and effect as if hereinafter set forth at length

41. At all times herein mentioned **NORTH AMERICAN PARTNERS IN ANESTHESIA LLP** was a professional corporation, duly incorporated in the State of New York for the practice of medicine.

42. At all times herein mentioned, infant-plaintiff B[redacted] S[redacted] was a patient of **NORTH AMERICAN PARTNERS IN ANESTHESIA LLP**.

43. At all times herein mentioned, plaintiff **ANA MARIA JEREZ** was a patient of **NORTH AMERICAN PARTNERS IN ANESTHESIA LLP**.

44. During her labor and delivery with the infant-plaintiff B[redacted] S[redacted], plaintiff **ANA MARIA JEREZ** was a patient of the defendant **NORTH AMERICAN PARTNERS IN ANESTHESIA LLP** its agents, servants and/or employees from on and before August 1, 2020; plaintiff **ANA MARIA JEREZ** was admitted to defendant **LONG ISLAND JEWISH FOREST HILLS** under the medical diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and the infant-plaintiff B[redacted] S[redacted] was delivered of her mother plaintiff **ANA MARIA JEREZ** by the defendants, their agents, servants and/or employees on or about July 31, 2020; and thereafter, both plaintiff **ANA MARIA JEREZ** and infant-plaintiff B[redacted] S[redacted] remained under the continuing diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and as a result of the foregoing medical diagnosis, care and treatment, both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** sustained severe injuries and complications.

45. Said occurrence was due to the carelessness and negligence of the defendants, their agents, servants and/or employees without any fault or lack of care on the part of the plaintiffs herein.

46. By reason of the foregoing, both infant-plaintiff B[redacted] S[redacted] and plaintiff **ANA MARIA JEREZ** sustained severe and serious personal injuries, including conscious pain and suffering, a severe shock to their nervous system and certain internal

injuries and were caused to suffer severe physical pain and mental anguish, economic loss and loss of enjoyment of life, and as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature.

47. Both infant-plaintiff B[REDACTED] S[REDACTED] and plaintiff **ANA MARIA JEREZ** were confined to bed and home as a result thereof, and were incapacitated from attending to what otherwise would have been their regular activities; and there were caused to be expended sums of money for medical and hospital care on their behalf.

48. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SIXTH CAUSE OF ACTION**

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 48. inclusive, with the same force and effect as if hereinafter set forth at length.

50. At all times herein mentioned **LONG ISLAND JEWISH FOREST HILLS** was a professional corporation, duly incorporated in the State of New York for the practice of medicine.

51. At all times herein mentioned, infant-plaintiff B[REDACTED] S[REDACTED] was a patient of **LONG ISLAND JEWISH FOREST HILLS.**

52. At all times herein mentioned, plaintiff **ANA MARIA JEREZ** was a patient of **LONG ISLAND JEWISH FOREST HILLS.**

53. During her labor and delivery with the infant-plaintiff B[REDACTED] S[REDACTED], plaintiff **ANA MARIA JEREZ** was a patient of the defendant **LONG ISLAND JEWISH FOREST HILLS** its agents, servants and/or employees from on and before August 1, 2020;

plaintiff **ANA MARIA JEREZ** was admitted to defendant **LONG ISLAND JEWISH FOREST HILLS** under the medical diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and the infant-plaintiff B[REDACTED] S[REDACTED] was delivered of her mother plaintiff **ANA MARIA JEREZ** by the defendants, their agents, servants and/or employees on or about July 31, 2020; and thereafter, both plaintiff **ANA MARIA JEREZ** and infant-plaintiff B[REDACTED] S[REDACTED] remained under the continuing diagnosis, care and treatment of the defendants, their agents, servants and/or employees; and as a result of the foregoing medical diagnosis, care and treatment, both infant-plaintiff B[REDACTED] S[REDACTED] and plaintiff **ANA MARIA JEREZ** sustained severe injuries and complications.

54. Said occurrence was due to the carelessness and negligence of the defendants, their agents, servants and/or employees without any fault or lack of care on the part of the plaintiffs herein.

55. By reason of the foregoing, both infant-plaintiff B[REDACTED] S[REDACTED] and plaintiff **ANA MARIA JEREZ** sustained severe and serious personal injuries, including conscious pain and suffering, a severe shock to their nervous system and certain internal injuries and were caused to suffer severe physical pain and mental anguish, economic loss and loss of enjoyment of life, and as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature.

56. Both infant-plaintiff B[REDACTED] S[REDACTED] and plaintiff **ANA MARIA JEREZ** were confined to bed and home as a result thereof, and were incapacitated from attending to what otherwise would have been their regular activities; and there were caused to be expended sums of money for medical and hospital care on their behalf.

57. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR LOSS OF SERVICES**

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 57. inclusive, with the same force and effect as if hereinafter set forth at length.

59. By reason of the foregoing, plaintiff **ANA MARIA JEREZ** was deprived of the services of her son, infant-plaintiff B[redacted] S[redacted] and was caused to become obliged to expend sums of money for medical and hospital care on his behalf.

60. As a result of the foregoing, plaintiff **ANA MARIA JEREZ** has been injured and damaged in a sum, which exceeds the jurisdictional limitations of all lower Courts, which would otherwise have jurisdiction over this action.

61. The amount of damages sought exceeds the jurisdiction of all lower courts, which would otherwise have jurisdiction.

**AS AND FOR AN EIGHTH CAUSE OF ACTION FOR LACK OF INFORMED CONSENT**

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 61. inclusive, with the same force and effect as if hereinafter set forth at length.

63. Defendants failed to inform plaintiff **ANA MARIA JEREZ** of the risks, hazards and alternatives associated with the procedures utilized in connection with the pregnancy, labor and delivery of the infant-plaintiff B[redacted] S[redacted], so that an informed consent could be given.

64. Reasonably prudent persons in the position of the plaintiff **ANA MARIA JEREZ** would not have undergone the procedures utilized in connection with the pregnancy, labor and delivery of the infant-plaintiff B[redacted] S[redacted] if she had been fully informed of the risks, hazards and alternatives associated with said procedures.

65. The failure to adequately and fully inform plaintiff **ANA MARIA JEREZ** of the risks, hazards, and alternatives associated with the procedures utilized in connection with the pregnancy, labor and delivery of the infant-plaintiff B[redacted] S[redacted] is a proximate cause of the injuries sustained by infant-plaintiff B[redacted] S[redacted]

66. As a consequence of the foregoing, there was no informed consent to the procedures utilized in connection with the discharge from neonatal care of infant-plaintiff B[redacted] S[redacted].

67. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** the plaintiffs demand judgment against the defendants in such sum as a jury would find fair, adequate and just.

Dated: New York, New York
July 29, 2021

Yours, etc.,

MARK L. BODNER, P.C.

By: ______________________

MARK L. BODNER, ESQ.
*Attorneys for Plaintiffs*
350 Seventh Avenue – Suite 604
New York, New York 10001
(212) 486-3000

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by Plaintiffs is that Plaintiffs are not now in the county where their attorneys have their office.

The grounds of my belief as to all matters not stated upon my own knowledge are from information in the file.

Dated: New York, New York
July 29, 2021

MARK L. BODNER

**ATTORNEY'S CERTIFICATION OF MERIT**

MARK L. BODNER, an attorney admitted to practice in the State of New York and attorney for the plaintiffs in the within action, has reviewed the facts of this case and consulted with at least one physician licensed to practice in this state or some other state and who the undersigned attorney reasonably believes is knowledgeable in the relevant issues involved in this particular action and that the undersigned attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
July 29, 2021

MARK L. BODNER

Index No.: Year 2021
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

B[redacted] S[redacted] an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

Plaintiff,

-against-

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANESTHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants

**SUMMONS AND VERIFIED COMPLAINT**

**MARK L. BODNER, P.C.**
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
**350 Seventh Avenue – Suite 604**
**New York, New York 10001**
**Phone: (212) 486-3000**
**Facsimile: (646) 514-0888**

Signature (Rule 130-1.1-a)

Mark L. Bodner, Esq.

Service of a copy of the within is hereby admitted,

Dated,

Attorney(s) for

Sir:-Please take notice

☐ **Notice of Entry**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **Notice of Settlement**

that an order of which the within is a true copy will be presented for settlement to the **HON.** one of the judges of the within named court, at
on at M.

Dated,

Yours, etc.

**MARK L. BODNER, P.C.**
*Attorneys for Plaintiff*
*Office and Post Office Address*
**350 Seventh Avenue – Suite 604**
**New York, New York 10001**
**Phone: (212) 486-3000**
**Facsimile: (646) 514-0888**

To

Attorney(s) for

# EXHIBIT  B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
B. S., an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ, Individually,

Plaintiffs,

Index No.: 717198/2021

-against-

VERIFIED ANSWER

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANESTHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.
-----------------------------------------------------------------X

Defendants, ABDUL SHAKIL KHOKHAR, M.D. sued herein as ABDUL SHAKIL KHOKHAR and NORTH AMERICAN PARTNERS IN ANESTHESIA, LLP, by their attorney, VOUTÉ, LOHRFINK, McANDREW, MEISNER & ROBERTS, LLP, answering the plaintiff's verified complaint:

AS AND FOR A RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION

1. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

2. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

3. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

4. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

5. Deny each and every allegation contained in paragraph "5" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

6. Deny each and every allegation contained in paragraph "6" of the verified complaint.

7. Deny each and every allegation contained in paragraph "7" of the verified complaint.

8. Deny each and every allegation contained in paragraph "8" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

9. Deny each and every allegation contained in paragraph "9" of the verified complaint.

AS AND FOR A RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION

10. These answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made herein with respect to paragraph "10" of the verified complaint with the same force and effect as though fully set forth at length herein.

11. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

12. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

13. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

14. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

15. Deny each and every allegation contained in paragraph "15" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

16. Deny each and every allegation contained in paragraph "16" of the verified complaint.

17. Deny each and every allegation contained in paragraph "17" of the verified complaint.

18. Deny each and every allegation contained in paragraph "18" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

19. Deny each and every allegation contained in paragraph "19" of the verified complaint.

AS AND FOR A RESPONSE TO PLAINTIFFS' THIRD CAUSE OF ACTION

20. These answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made herein with respect to paragraph "20" of the verified complaint with the same force and effect as though fully set forth at length herein.

21. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "21" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

22. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

23. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

24. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

25. Deny each and every allegation contained in paragraph "25" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

26. Deny each and every allegation contained in paragraph "26" of the verified complaint.

27. Deny each and every allegation contained in paragraph "27" of the verified complaint.

28. Deny each and every allegation contained in paragraph "28" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

29. Deny each and every allegation contained in paragraph "29" of the verified complaint.

AS AND FOR A RESPONSE TO PLAINTIFFS' FOURTH CAUSE OF ACTION

30. These answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made herein with respect to paragraph "30" of the verified complaint with the same force and effect as though fully set forth at length herein.

31. Deny each and every allegation contained in paragraph "31" of the verified complaint in the form alleged, except admit that at all times hereinafter mentioned, defendant ABDUL SHAKIL KHOKHAR, M.D. was and is a physician, duly licensed to practice medicine in the State of New York.

32. Deny each and every allegation contained in paragraph "32" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

33. Deny each and every allegation contained in paragraph "33" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

34. Deny each and every allegation contained in paragraph "34" of the verified complaint in the form alleged except admit that ABDUL SHAKIL KHOKHAR, M.D. was and is affiliated with NORTH AMERICAN PARTNERS IN ANESTHESIA, LLP.

35. Deny each and every allegation contained in paragraph "35" of the verified complaint.

36. Deny each and every allegation contained in paragraph "36" of the verified complaint.

37. Deny each and every allegation contained in paragraph "37" of the verified complaint.

38. Deny each and every allegation contained in paragraph "38" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

39. Deny each and every allegation contained in paragraph "39" of the verified complaint.

AS AND FOR A RESPONSE TO PLAINTIFFS' FIFTH CAUSE OF ACTION

40. These answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made herein with respect to paragraph "40" of the verified complaint with the same force and effect as though fully set forth at length herein.

41. Deny each and every allegation contained in paragraph "41" of the verified complaint.

42. Deny each and every allegation contained in paragraph "42" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

43. Deny each and every allegation contained in paragraph "43" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

44. Deny each and every allegation contained in paragraph "44" of the verified complaint.

45. Deny each and every allegation contained in paragraph "45" of the verified complaint.

46. Deny each and every allegation contained in paragraph "46" of the verified complaint.

47. Deny each and every allegation contained in paragraph "47" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

48. Deny each and every allegation contained in paragraph "48" of the verified complaint.

AS AND FOR A RESPONSE TO PLAINTIFFS' SIXTH CAUSE OF ACTION

49. These answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made herein with respect to paragraph "49" of the verified complaint with the same force and effect as though fully set forth at length herein.

50. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "50" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

51. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "51" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

52. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "52" of the verified complaint and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

53. Deny each and every allegation contained in paragraph "53" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

54. Deny each and every allegation contained in paragraph "54" of the verified complaint.

55. Deny each and every allegation contained in paragraph "55" of the verified complaint.

56. Deny each and every allegation contained in paragraph "56" of the verified complaint in the form alleged and respectfully refer all issues of fact to the trier of fact and all questions of law to the Court.

57. Deny each and every allegation contained in paragraph "57" of the verified complaint.

AS AND FOR A RESPONSE TO PLAINTIFFS' SEVENTH CAUSE OF ACTION

58. These answering defendants repeat, reiterate and reallege each and every admission and denial heretofore made herein with respect to paragraph "58" of the verified complaint with the same force and effect as though fully set forth at length herein.

59. Deny each and every allegation contained in paragraph "59" of the verified complaint.

60. Deny each and every allegation contained in paragraph "60" of the verified complaint.

61. Deny each and every allegation contained in paragraph "61" of the verified complaint.

AS AND FOR A RESPONSE TO PLAINTIFFS' EIGHTH CAUSE OF ACTION

62. This answering defendant repeats, reiterates and realleges each and every admission and denial heretofore made herein with respect to paragraph "62" of the verified complaint with the same force and effect as though fully set forth at length herein.

63. Denies each and every allegation contained in paragraph "63" of the verified complaint.

64. Denies each and every allegation contained in paragraph "64" of the verified complaint.

65. Denies each and every allegation contained in paragraph "65" of the verified complaint.

66. Denies each and every allegation contained in paragraph "66" of the verified complaint.

67. Denies each and every allegation contained in paragraph "67" of the verified complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

68. Any award to plaintiffs for the cost of medical care, custodial care or rehabilitation services, loss of earnings or other economic loss should be reduced by the amount such expense has been or will be replaced or indemnified in whole or in part from any collateral source in accordance with the provisions and limitations set forth in CPLR 4545.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

69. Any settlement, discontinuance or agreement not to sue, made with responsible or potentially responsible persons and/or entities, shall constitute a set off and reduction of any recovery against the answering defendants pursuant to the provisions of General Obligations Law § 15-108, CPLR Article 14 and/or CPLR Article 16.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70. CPLR Article 16 applies to limit any liability of any of these answering defendants as to the non-economic loss of each of the plaintiffs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

71. The verified complaint fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

72. At the time of trial this answering defendants will request that the Court charge the jury on the issues of indemnification and/or apportionment among all responsible tort feasors including non-parties subject to the jurisdiction of this court.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

73. The physical condition of plaintiff was not brought about by any negligence on the part of defendants, but rather due to the physical condition, illness, contributory negligence, assumption of risk, contributory fault and/or culpable conduct attributable to plaintiffs to the extent of total and/or partial diminution of the damages alleged in the complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

74. Plaintiffs have failed and/or refused to take reasonable steps to avoid, minimize and/or mitigate plaintiffs' alleged injuries and/or alleged damages.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

75. Any award to plaintiffs in this action for loss of earnings or impairment of earning ability should be reduced in accordance with the provisions and limitations of CPLR 4546.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE

76. If the plaintiffs were caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiffs' complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract other than of the plaintiffs then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or statute, and/or warranty, and/or contract in fact or implied in law, upon the part of the non-parties subject to *in personam* jurisdiction, and if this pleading defendant is found negligent as to the plaintiffs for the injuries and damages set forth in the plaintiffs' complaint, then and in that event, the relative responsibilities of said pleading defendant must be apportioned by the percentage of liability of said non-parties subject to *in personam* jurisdiction.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE

77. The answering defendants reserve the right to assert additional defenses based on evidence adduced at trial or during discovery.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

78. The provisions of Public Health Law §2805-d(4) constitute an absolute defense to the cause of action for lack of informed consent.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

79. The answering defendant reserves the right to invoke all defenses, both affirmative and otherwise, to the plaintiff's verified complaint raised or asserted by all other answering defendants.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

80. The court lacks *in personam* jurisdiction over the defendants in that the said defendants have never been properly served with the summons and complaint, and as such have not received the statutorily required notice of the pendency of this action, nor does there exist any basis for *in personam* jurisdiction over the defendants as jurisdiction may not properly be conferred upon this court pursuant to any of the available statutes authorizing jurisdiction over non-residents or residents who have departed from the state.

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

81. The answering defendants, their agents, servants and employees are immune from civil liability in accordance with Executive Order 202.10 and any and all related Executive Orders issued by the Governor of the State of New York, and Article 30-D of the Public Health Law, The New York Emergency Disaster Treatment Protection Act.

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

82. The allocation of health care resources during an emergency is a discretionary governmental function and the defendants, their agents, servants and employees are therefore immune from civil liability.

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

83. The plaintiffs' alleged injuries were exclusively due to intervening and superseding causes of so extraordinary a nature that they could not reasonably have been foreseen and the results avoided.

AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

84. Given the declared public health emergency, the defendants, their agents, servants and employees acted, at all times, reasonably and in accordance with the applicable standard of care in effect under the conditions existing at the time.

AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

85. Pursuant to the "Coronavirus Aid, Relief and Economic Security Act" signed into law on March 27, 2020, the defendants are immune from any cause of action arising under Federal or State law, for any harm caused by an act or omission of the professional in the provision of health care services during the COVID-19 public health emergency.

AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

86. That any injuries sustained by plaintiffs at the time and place mentioned in the complaint were caused solely and wholly by reason of the carelessness, negligence, recklessness and acts or omissions on the part of the plaintiff and were not caused or contributed to by reason of any carelessness, negligence, recklessness or acts or omissions on the part of these answering defendants.

WHEREFORE, the defendants, ABDUL SHAKIL KHOKHAR, M.D. sued herein as ABDUL SHAKIL KHOKHAR and NORTH AMERICAN PARTNERS IN ANESTHESIA, LLP, demand judgment:

a)      dismissing the plaintiffs' verified complaint, together with the costs and disbursements of this action;

b)      in the alternative, and in the event the plaintiffs prevail, the answering defendants demands judgment determining the respective percentages of fault on the part of the answering defendants, the plaintiffs and all non-parties subject to in personam jurisdiction and thereby reducing the amount of damages as against the answering defendants by the respective percentage of fault of the plaintiffs.

c)      determining the respective percentages of fault of each responsible tort feasor, including any plaintiff against whom a counterclaim may have been interposed, and determining the amount of indemnity owing respectively, if any, among the responsible tort feasors, whether they be parties or non-parties subject to in personam jurisdiction each to the other, either in whole or in part as the case may be, whether or not by indemnification agreement, together with the costs, disbursements and attorneys' fees.

Dated:  White Plains, New York
          September 9, 2021

                    Yours, etc.

                    VOUTÉ, LOHRFINK, McANDREW, MEISNER & ROBERTS, LLP
                    Attorneys for Defendants
                    ABDUL SHAKIL KHOKHAR, M.D. s/h/a ABDUL SHAKIL
                    KHOKHAR and NORTH AMERICAN PARTNERS IN
                    ANESTHESIA. LLP
                    170 Hamilton Avenue
                    White Plains, New York 10601-1789
                    Tel.: (914) 946-1400


To:    MARK L. BODNER, P.C.
       350 Seventh Avenue, Suite 604
       New York, N.Y. 10001
       (212) 486 – 3000

**Attorney's Verification by Affirmation**

MARK McANDREW, an attorney admitted to practice in the courts of the State of New York, hereby affirms the truth of the following under penalty of perjury:

Your affirmant's office is the attorney of record for defendants ABDUL SHAKIL KHOKHAR, M.D. s/h/a ABDUL SHAKIL KHOKHAR and NORTH AMERICAN PARTNERS IN ANESTHESIA. LLP.

Your affirmant has read the annexed Answer knows the contents thereof and the same are true to his knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters your affirmant believes them to be true. Your affirmant's belief, as to those matters therein not stated upon knowledge, is based upon the materials, information and reports contained in the file, which is maintained in your affirmant's office.

The reason that your affirmant makes this affirmation instead of the defendant is because your affirmant's office is in possession of all of the information regarding the material allegations upon which this action is based.

Dated: White Plains, New York
September 10, 2021

MARK McANDREW

# EXHIBIT  C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------x

B. S., an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

Plaintiff,

- against -

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANESTHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.

---------------------------------------------------------x

**Index No.: 717198/2021**

***VERIFIED ANSWER ON BEHALF OF KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS, MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON, and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS***

***COUNSEL:***

Defendants KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS, MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON, and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS by their attorneys, SHAUB, AHMUTY, CITRIN & SPRATT, LLP as and for their Verified Answer to Plaintiff's Verified Complaint respectfully show to this Honorable Court and allege upon information and belief:

***AS AND FOR A FIRST CAUSE OF ACTION***

FIRST: Deny the allegations contained in paragraph "1" in the form alleged, except admit at all relevant times upon information and belief VICTORIA VALLEJO, M.D. was a physician authorized to practice her profession in the State of New York and refer questions of law to the Court.

SECOND: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "2", "3" and "4" and refer questions of law to the Court.

THIRD: Deny the allegations contained in paragraphs "5", "6", "7", "8" and "9".

***AS AND FOR A SECOND CAUSE OF ACTION***

FOURTH: In response to paragraph "10" repeat each admission or denial made herein as though fully set forth hereat.

FIFTH: Deny the allegations contained in paragraph "11" in the form alleged, except admit at all relevant times upon information and belief KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS was a physician assistant authorized to practice her profession in the State of New York and refer questions of law to the Court.

SIXTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "12" and "13" and refer questions of law to the Court.

SEVENTH: Deny the allegations contained in paragraph "14" in the form alleged and refer questions of law to the Court.

EIGHTH: Deny the allegations contained in paragraphs "15", "16", "17", "18" and "19".

***AS AND FOR A THIRD CAUSE OF ACTION***

NINTH: In response to paragraph "20" repeat each admission or denial made herein as though fully set forth hereat.

TENTH: Deny the allegations contained in paragraph "21" in the form alleged, except admit at all relevant times MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON was a physician assistant authorized to practice her profession in the State of New York and refer questions of law to the Court.

ELEVENTH:Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "22" and "23" and refer questions of law to the Court.

TWELFTH: Deny the allegations contained in paragraph "24" in the form alleged and refer questions of law to the Court.

THIRTEENTH: Deny the allegations contained in paragraphs "25", "26", "27", "28" and "29".

***AS AND FOR A FOURTH CAUSE OF ACTION***

FOURTEENTH: In response to paragraph "30" repeat each admission or denial made herein as though fully set forth hereat.

FIFTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31", except admit at all relevant times upon information and belief ABDUL SHAKIL KHOKHAR, M.D. was a physician authorized to practice his profession in the State of New York and refer questions of law to the Court.

SIXTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "32" and "33" and refer questions of law to the Court.

SEVENTEENTH: Deny the allegations contained in paragraphs "34", "35", 36", "37", "38" and "39".

***AS AND FOR A FIFTH CAUSE OF ACTION***

EIGHTEENTH: In response to paragraph "40" repeat each admission or denial made herein as though fully set forth hereat.

NINETEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "41", "42" and "43" and refer questions of law to the Court.

TWENTIETH: Deny the allegations contained in paragraphs "44", "45", "46", "47" and "48".

***AS AND FOR A SIXTH CAUSE OF ACTION***

TWENTY-FIRST: In response to paragraph "49" repeat each admission or denial made herein as though fully set forth hereat.

TWENTY-SECOND: Deny the allegations contained in paragraph "50", except admit at all relevant times LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS operated a hospital located in Forest Hills, New York and refer questions of law to the Court.

TWENTY-THIRD: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "51" and "52", except admit one ANA MARIA JEREZ and her infant received hospital care at LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER, and respectfully beg leave to refer to the hospital records for all facts attendant thereto.

TWENTY-FOURTH: Deny the allegations contained in paragraphs "53", "54", "55", "56" and "57".

***AS AND FOR A SEVENTH CAUSE OF ACTION FOR LOSS OF SERVICES***

TWENTY-FIFTH: In response to paragraph "58" repeat each admission or denial made herein as though fully set forth hereat.

TWENTY-SIXTH: Deny the allegations contained in paragraphs "59", "60" and "61".

***AS AND FOR AN EIGHTH CAUSE OF ACTION FOR LACK OF INFORMED CONSENT***

TWENTY-SEVENTH: In response to paragraph "62" repeat each admission or denial made herein as though fully set forth hereat.

TWENTY-EIGHTH: Deny the allegations contained in paragraphs "63", "64", "65", "66" and "67".

TWENTY-NINTH: Any paragraph/allegation not answered is deemed denied.

***FIRST AFFIRMATIVE DEFENSE***

THIRTIETH: That the injuries of the plaintiff were caused in whole or in part by the culpable conduct of the plaintiff which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the injuries.

***SECOND AFFIRMATIVE DEFENSE***

THIRTY-FIRST: The answering defendants assert those applicable affirmative defenses for which provision is made at Public Health Law Section 2805(d).

***THIRD AFFIRMATIVE DEFENSE***

THIRTY-SECOND: That if any liability is found as against these answering defendants, then said liability will constitute 50% or less of the total liability assigned to all persons liable and, as such, the liability of these answering defendants to plaintiff for non-economic loss shall be limited and shall not exceed these answering defendants' equitable share, as provided in Article 16 of the CPLR.

***FOURTH AFFIRMATIVE DEFENSE***

THIRTY-THIRD: If plaintiff is entitled to recover damages for economic loss as against defendants KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS, MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON, and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS by reason of the matters alleged in the Complaint, liability for which is hereby denied, then pursuant to CPLR 4545 the amount of damages

recoverable against said defendants, if any, shall be reduced by the amount by which such economic loss was or will be replaced or indemnified from any collateral source of payment.

***FIFTH AFFIRMATIVE DEFENSE***

THIRTY-FOURTH:If plaintiff is entitled to recover damages for loss of earnings or impairment of earning ability as against defendants KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS, MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON, and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS by reason of the matters alleged in the Complaint, liability for which is hereby denied, then pursuant to CPLR 4546 the amount of damages recoverable against said defendants, if any, shall be reduced by the amount of federal, state and local income taxes which the plaintiff would have been obligated by law to pay.

***SIXTH AFFIRMATIVE DEFENSE***

THIRTY-FIFTH: In the event of any verdict or judgment in favor plaintiff, liability for which is hereby denied, these defendants are entitled to a set-off or credit with respect to the amounts of any payments made to plaintiff under GOL § 15-108 for any companion action or actions arising out of the same set of events as pleaded herein.

***SEVENTH AFFIRMATIVE DEFENSE***

THIRTY-SIXTH: The complaint is time-barred inasmuch as suit was not instituted within the applicable Statute of Limitations.

***EIGHTH AFFIRMATIVE DEFENSE***

THIRTY-SEVENTH: That the care rendered to the Plaintiff at issue in this case by the defendant was impacted by the COVID-19 outbreak and in support of the State's directives and, therefore, the defendant is immune from liability under Article 30-D of the Public Health Law as it existed at the time care was rendered to the patient at issue in this case.

***NINTH AFFIRMATIVE DEFENSE***

THIRTY-EIGHTH: The defendant is immune from liability for the acts, omissions, and injuries alleged in the Complaint, pursuant to Executive Order (A. Cuomo) 2020 et seq. (N.Y. Comp. Codes R. & Regs. tit. 9, §8.202 et seq.), including but not limited to Executive Order (A. Cuomo) 202.10 (N.Y. Comp. Codes R. & Reg. tit. 9, §8.202.10 et seq.), and/or Article 30-D of the Public Health Law and/or pursuant to the United States Public Readiness and Emergency Preparedness ("PREP") Act (42 U.S.C.A. §247d-6d et seq.) and/or the Coronavirus Aid, Relief, and Economic Security ("CARES") Act of 2020, §4113c (42 U.S.C.A. §247d-6d[i][1], as added by Pub. L. 116-136, 116 U.S. Stat. 3548).

***TENTH AFFIRMATIVE DEFENSE***

THIRTY-NINTH: This Court lacks jurisdiction over the subject matter of Plaintiff's claims and the state law claims must be dismissed, as they are preempted by the United States Public Readiness and Emergency Preparedness ("PREP") Act (42 U.S.C.A. §247d-6d et seq.) and/or the Coronavirus Aid, Relief, and Economic Security ("CARES")

Act of 2020, §4113c (42 U.S.C.A. §247d-6d[i][1], as added by Pub. L. 116-136, 116 U.S. Stat. 3548).

***ELEVENTH AFFIRMATIVE DEFENSE***

FORTIETH: The plaintiff lacks the capacity to commence this action.

***WHEREFORE,*** defendants KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS, MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON, and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS demand judgment dismissing the Verified Complaint, together with costs and disbursements of the within action.

Dated: Lake Success, New York
September 16, 2021

***SHAUB, AHMUTY, CITRIN & SPRATT, LLP***

By: ______________________
LAURA M. PAPA
Attorneys for Defendants
***KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS, MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON, and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS***
1983 Marcus Avenue
Lake Success, New York 11042-1056
(516) 488-3300

***TO:*** MARK L. BODNER, P.C.
Attorneys for Plaintiff
350 Seventh Avenue, Suite 604
New York, New York 10001
(212) 486-3000

VOUTÉ, LOHRFINK, McANDREW,
MEISNER & ROBERTS, LLP
Attorneys for Defendants
***ABDUL SHAKIL KHOKHAR and***
***NORTH AMERICAN PARTNERS***
***IN ANESTHESIA, LLP***
170 Hamilton Avenue
White Plains, New York 10601
(914) 946-1400

## ***ATTORNEY'S VERIFICATION***

STATE OF NEW YORK )
ss.:
COUNTY OF NASSAU )

LAURA M. PAPA, being duly sworn, deposes and says:

That she is a partner in the firm of attorneys representing the defendants KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS.

That she has read the attached Verified Answer and the same is true to her own belief, except as to matters alleged on information and belief, and as to those matters she believes them to be true to the best of her knowledge.

That deponent's sources of information are a claims file containing statements, reports and records of investigation, investigators, parties and witnesses, with which deponent is fully familiar.

That this verification is made by deponent because her clients do not reside within the county where deponent maintains her office.

LAURA M. PAPA

Sworn to before me this
10th day of September, 2021

Notary Public

Nicole S. Smith
Notary Public, State of New York
Reg. No. 01SM6417645
Qualified in Suffolk County
Commission Expires 05/17/2025

4842-5995-0331, v. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

B. S., an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

Plaintiff,

- against -

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANESTHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.

Index No.: 717198/2021

***VERIFIED ANSWER***
***ON BEHALF OF KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS, MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON, and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS***

SHAUB, AHMUTY, CITRIN & SPRATT, LLP
Attorneys for Defendants
***KATRINA DAVIS, P.A. s/h/a KATRINA DAVIS, MELANIE JACKSON, P.A. s/h/a MELANIE JACKSON, and LONG ISLAND JEWISH FOREST HILLS, A DIVISION OF LONG ISLAND JEWISH MEDICAL CENTER s/h/a LONG ISLAND JEWISH FOREST HILLS***
Office and Post Office Address
1983 Marcus Avenue
Lake Success, NY 11042-1056
Telephone (516) 488-3300
Fax (516) 488-2324

***TO: ALL PARTIES***

# EXHIBIT  D

JBK/mz
TDC-1034

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------X Index No.: 717198/21

BS, an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

**VERIFIED ANSWER**

- against -

Plaintiff,

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANETHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.
---------------------------------------X

Defendant, **VICTORIA VALLEJO**, by her attorneys, FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP as and for her Verified Answer to the Verified Complaint of the plaintiff herein, respectfully alleges upon information and belief as follows:

ANSWERING THE FIRST CAUSE OF ACTION:

FIRST: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "1" and "2" of the plaintiffs' Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

SECOND: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "3" and "4" of the plaintiffs' Verified

Complaint except admits VICTORIA VALLEJO was and is a medical professional duly licensed in the State of New York who provided services in Queens, New York, and respectfully submits all questions of fact and law to this Honorable Court.

THIRD: Denies each and every allegation contained in paragraphs numbered and designated "5", "6", "7", "8" and "9" of the plaintiffs' Verified Complaint.

ANSWERING THE SECOND CAUSE OF ACTION:

FOURTH: With respect to paragraph "10" of the plaintiffs' Verified Complaint, the defendant repeats and re-alleges paragraphs numbered and designated "FIRST" through "THIRD," inclusive of this Answer.

FIFTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "11", "12", "13" and "14" of the plaintiffs' Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

SIXTH: Denies each and every allegation contained in paragraphs numbered and designated "15", "16", "17", "18" and "19" of the plaintiffs' Verified Complaint.

ANSWERING THE THIRD CAUSE OF ACTION:

SEVENTH: With respect to paragraph "20" of the plaintiffs' Verified Complaint, the defendant repeats and re-alleges paragraphs numbered and designated "FIRST" through "SIXTH," inclusive of this Answer.

EIGHTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "21", "22", "23" and "24" of the plaintiffs' Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

NINTH: Denies each and every allegation contained in paragraphs numbered and designated "25", "26", "27", "28" and "29" of the plaintiffs' Verified Complaint.

ANSWERING THE FOURTH CAUSE OF ACTION:

TENTH: With respect to paragraph "30" of the plaintiffs' Verified Complaint, the defendant repeats and re-alleges paragraphs numbered and designated "FIRST" through "NINTH," inclusive of this Answer.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "31", "32", "33" and "34" of the plaintiffs' Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

TWELFTH: Denies each and every allegation contained in paragraphs numbered and designated "35", "36", "37", "38" and "39" of the plaintiffs' Verified Complaint.

ANSWERING THE FIFTH CAUSE OF ACTION:

THIRTEENTH: With respect to paragraph "40" of the plaintiffs' Verified Complaint, the defendant repeats and re-alleges paragraphs numbered and designated "FIRST" through "TWELFTH," inclusive of this Answer.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "41", "42" and "43" of the plaintiffs' Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

FIFTEENTH: Denies each and every allegation contained in paragraphs numbered and designated "44", "45", "46", "47" and "48" of the plaintiffs' Verified Complaint.

ANSWERING THE SIXTH CAUSE OF ACTION:

SIXTEENTH: With respect to paragraph "49" of the plaintiffs' Verified Complaint, the defendant repeats and re-alleges paragraphs numbered and designated "FIRST" through "FIFTEENTH," inclusive of this Answer.

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "50", "51" and "52" of the plaintiffs' Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

EIGHTEENTH: Denies each and every allegation contained in paragraphs numbered and designated "53", "54", "55", "56" and "57" of the plaintiffs' Verified Complaint.

ANSWERING THE SEVENTH CAUSE OF ACTION:

NINETEENTH: With respect to paragraph "58" of the plaintiffs' Verified Complaint, the defendant repeats and re-alleges paragraphs numbered and designated "FIRST" through "EIGHTEENTH," inclusive of this Answer.

TWENTIETH: Denies each and every allegation contained in paragraphs numbered and designated "59", "60" and "61" of the plaintiffs' Verified Complaint.

ANSWERING THE EIGHTH CAUSE OF ACTION:

TWENTY-FIRST: With respect to paragraph "62" of the plaintiffs' Verified Complaint, the defendant repeats and re-alleges paragraphs numbered and designated "FIRST" through "TWENTIETH," inclusive of this Answer.

TWENTY-SECOND: Denies each and every allegation contained in paragraphs numbered and designated "63", "64", "65", "66" and "67" of the plaintiffs' Verified Complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

TWENTY-THIRD: That the injuries of the plaintiff was caused in whole or in part by his own contributory negligence and/or culpable conduct and/or by persons and/or events over which this defendant had no control and their claims are therefore barred or the amount of same is diminished accordingly.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

TWENTY-FOURTH: That the Court does not have jurisdiction of defendant by reason of the improper service of legal papers upon said defendant.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

TWENTY-FIFTH: Upon information and belief, plaintiffs have received remuneration and/or compensation for some or all of her claimed economic loss and answering defendant is entitled to have any verdict or judgment reduced by the amount of that remuneration or compensation pursuant to CPLR 4545.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

TWENTY-SIXTH: That the plaintiffs' Complaint and/or the cause of action fails to state a cause of action against the answering defendant.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

TWENTY-SEVENTH: That if any liability is found as against this answering defendant, then said liability will constitute 50% or less of the total liability assigned to all persons liable and, as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share, as provided in Article 16 of the CPLR.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

TWENTY-EIGHTH: Plaintiffs lack capacity to assert the claims made within the Verified Complaint.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

TWENTY-NINTH: That in the event of any judgment or verdict on behalf of the plaintiffSs, this answering defendant is entitled to a setoff with respect to the amount of any payments made to the plaintiff prior thereto.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

THIRTIETH: That the defendant shall be entitled to a set off pursuant to the General Obligations Law §15-108 for reduction in the claim of the Releasor against them to the extent of any amount stipulated by a prior release or covenant, or the amount of consideration paid for it, or the amount of the released tortfeasor's equitable share of the damages under Article 14 of the CPLR, whichever is the greatest.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

THIRTY-FIRST: Plaintiffs' claims fail to state a colorable cause of action as this answering defendant is entitled to certain immunities set forth by the CARES Act, the PREP Act, and N.Y.S. EDTPA §3082(1)(2) and Executive Orders then in effect.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

THIRTY-SECOND: Defendant acted at all times within the proper standards of care generally, as required of the standards of care in place and recognized in the locality in question at the time of the Covid-19 emergency.

AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

THIRTY-THIRD: The care in this matter rendered by defendant VICTORIA VALLEJO, M.D., was part of her employment at Urban Health Plan. Urban Health Plan is a Federally Deemed Healthcare Center that is afforded protection under the federally Deemed Health Centers Assistance Act. As a Deemed Healthcare Center, any allegation stemming from allegations of Medical Malpractice against the facility or any of its employees can only be brought under the Federal Torts Claim Act in the appropriate Federal Jurisdiction. Thus, given VICTORIA VALLEJO, M.D., status as an employee of Urban Health Plan this Court lacks jurisdiction in this matter over this answering defendant.

WHEREFORE, defendant demands judgment dismissing the plaintiffs' Verified Complaint herein, together with the costs

and disbursements of this action.

Dated: December 13, 2021
Hauppauge, New York

Respectfully yours,

FUMUSO, KELLY, SWART, FARRELL,
POLIN & CHRISTESEN, LLP

By: ______________________
JORDAN B. KARP
Attorneys for Defendant
**VICTORIA VALLEJO**
110 Marcus Boulevard
Hauppauge, New York 11788
(631) 232-0200

To: MARK L. BODNER, P.C.
Attorneys for Plaintiff
350 Seventh Avenue - Suite 604
New York, New York 10001
(212) 486-3000

JBK/mz
TDC-1034

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------X Index No.: 717198/21

BS, an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

- against -

Plaintiff,

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANETHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.
--------------------------------------X

**VERIFICATION**

STATE OF NEW YORK )

COUNTY OF SUFFOLK ) ss.:

JORDAN B. KARP, ESQ., the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am the attorney of record for the defendant, **VICTORIA VALLEJO**, in the within action; I have read the foregoing Verified Answer and Demands and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true. The reason this verification is made by me and not by the defendant is because defendant does not reside within the county that our office is located.

Dated: Hauppauge, New York
December 13, 2021

JORDAN B. KARP, ESQ.

JBK/mz
TDC-1034

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------X Index No.: 717198/21

BS, an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

- against -

Plaintiff,

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANETHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.

-------------------------------------X

**CERTIFICATION**

JORDAN B. KARP, ESQ., an attorney admitted to practice in the Courts of New York State, certifies that the within has been compared by me with the original and found to be a true and complete copy.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Hauppauge, New York
December 13, 2021

JORDAN B. KARP, ESQ.

# EXHIBIT  E

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

Ana Maria Jerez, Individually, and as Mother and Natural Guardian of B.S., an Infant,

Plaintiffs,

v.

Victoria Vallejo; Katrina Davis; Melanie Jackson; Abdul Shakil Khokhar; North American Partners in Anesthesia, LLP; and Long Island Jewish Forest Hills,

Defendants.

DECLARATION OF
MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if an administrative tort claim had been filed with the Department with respect to Urban Health Plan, Inc., its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Office.

4. I have caused a search of the Claims Office database to be conducted and found no record of an administrative tort claim filed on behalf of Ana Maria Jerez, Individually, and as Parent and Natural Guardian of B.S., an Infant, relating to the medical care provided by Dr. Victoria Vallejo, an employee of Urban Health Plan, Inc.

5. I have reviewed official Agency records and determined that Urban Health Plan, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2019, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Urban Health Plan, Inc., is attached to this declaration as Exhibit 1.

6. I have also reviewed the employment records submitted by Urban Health Plan, Inc., on behalf of the defendant, Dr. Victoria Vallejo. Those records confirmed that Dr. Victoria Vallejo was an employee of Urban Health Plan, Inc., at the time of the incidents giving rise to this suit.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., the 23rd day of May 2022.

Meredith Torres

MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

# EXHIBIT  E - (1)

| FTCA DEEMING NOTICE NO.: 1-F00000574-18-01 | GRANT NUMBER: H80CS00368 |  |
|---|---|---|

**Urban Health Plan, Inc.**
**1515 SOUTHERN BLVD**
**BRONX, NY10460**

Dear Paloma Hernandez:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Urban Health Plan, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2019 through 12/31/2019.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Urban Health Plan, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.

1. ISSUE DATE: (MM/DD/YYYY)
8/29/2019

2a. FTCA DEEMING NOTICE NO.:
1-F00000574-19-01

2b. Supersedes: [ ]

3. COVERAGE PERIOD:
From: 1/1/2020 Through: 12/31/2020

4. NOTICE TYPE:
Renewal

5. ENTITY NAME AND ADDRESS:
Urban Health Plan, Inc.
1515 SOUTHERN BLVD
BRONX, NY 10460

6. ENTITY TYPE:
Grantee

7. EXECUTIVE DIRECTOR:
Paloma Hernandez

8a. GRANTEE ORGANIZATION:
Urban Health Plan, Inc.

8b. GRANT NUMBER:
H80CS00368

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH RESOURCES AND SERVICES ADMINISTRATION

NOTICE OF DEEMING ACTION
FEDERAL TORT CLAIMS ACT AUTHORIZATION:
Federally Supported Health Centers Assistance Act(FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n)

9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:
a. The authorizing program legislation cited above.
b. The program regulation cited above, and,
c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

10. Remarks:

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on:* 8/29/2019 6:43:55 PM

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.



**Preview NDA**

Notice Email NDA **NDA Letter**

**PREVIEW NDA**

**FTCA DEEMING NOTICE NO.:**
1-F00000574-19-01

**GRANT NUMBER:**
H80CS00368

**Urban Health Plan, Inc.**
**1515 SOUTHERN BLVD**
**BRONX, NY10460**

Dear Paloma Hernandez:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Urban Health Plan, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2020 through 12/31/2020.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Urban Health Plan, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information regarding FTCA, please contact the Health Center Program Support (Formally the BPHC Helpline) at 877-464-4772, option 1, or using the BPHC Contact Form.

Close Window


DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH RESOURCES AND SERVICES ADMINISTRATION

NOTICE OF DEEMING ACTION
FEDERAL TORT CLAIMS ACT AUTHORIZATION:
Federally Supported Health Centers Assistance Act(FSHCAA), as amended,
Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n)

**1. ISSUE DATE:** (MM/DD/YYYY)
8/13/2020

**2a. FTCA DEEMING NOTICE NO.:**
1-F00000574-20-01

**2b. Supersedes: [ ]**

**3. COVERAGE PERIOD:**
**From:** 1/1/2021 **Through:** 12/31/2021

**4. NOTICE TYPE:**
Renewal

**5. ENTITY NAME AND ADDRESS:**
Urban Health Plan, Inc.
1515 SOUTHERN BLVD
BRONX, NY 10460

**6. ENTITY TYPE:**
Grantee

**7. EXECUTIVE DIRECTOR:**
Paloma Hernandez

**8a. GRANTEE ORGANIZATION:**
Urban Health Plan, Inc.

**8b. GRANT NUMBER:**
H80CS00368

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

a. The authorizing program legislation cited above.
b. The program regulation cited above, and,
c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

**The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.**

***Electronically signed by Angela Damiano-Holder, Deputy Associate Administrator for Primary Health Care on:*** **8/13/2020 10:34:39 AM**

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.

| FTCA DEEMING NOTICE NO.: 1-F00000574-20-01 | GRANT NUMBER: H80CS00368 |  |
|---|---|---|

**Urban Health Plan, Inc.**
**1515 SOUTHERN BLVD**
**BRONX, NY10460**

Dear Paloma Hernandez:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Urban Health Plan, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2021 through 12/31/2021.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Urban Health Plan, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information regarding FTCA, please contact the Health Center Program Support (Formally the BPHC Helpline) at 877-464-4772, option 1, or using the BPHC Contact Form.

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.

# EXHIBIT  F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BS, an infant by his mother and natural guardian, ANA MARIA JEREZ, and ANA MARIA JEREZ individually,

Plaintiffs,

v.

VICTORIA VALLEJO, KATRINA DAVIS, MELANIE JACKSON, ABDUL SHAKIL KHOKHAR, NORTH AMERICAN PARTNERS IN ANESTHESIA LLP and LONG ISLAND JEWISH FOREST HILLS,

Defendants.

Civil Action No.
22-CV-_____

(__________, J.)
(________, M.J.)

**CERTIFICATION OF SCOPE OF EMPLOYMENT AND NOTICE OF SUBSTITUTION OF UNITED STATES AS PARTY DEFENDANT FOR VICTORIA VALLEJO**

By virtue of the authority vested in this Office by the Attorney General pursuant to 28 C.F.R. § 15.4, it is hereby certified on the basis of the information now available with respect to the incidents alleged in the Verified Complaint, that Defendant Victoria Vallejo was acting within the scope and course of her federal employment as an employee of Urban Health Plan, Inc. ("Health Center"), which has been deemed for Federal Tort Claims Act Authorization under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) ("FSHCAA"), by grantee United States Department of Health and Human Services, at the time of the incidents over which the above-referenced action arose.

Accordingly, pursuant to 42 U.S.C. § 233(a), (c), (g), the United States of America is hereby substituted by operation of law as a party defendant for Defendant Victoria Vallejo, and any and all claims asserted in the Verified Complaint against Defendant Victoria Vallejo shall be,

and hereby are, deemed to be claims for relief against the United States of America.

Dated: Brooklyn, New York
      June 2, 2022                Respectfully submitted,

                                     BREON PEACE
                                     United States Attorney

                     By:     */s/ Kimberly A. Francis*
                                     KIMBERLY A. FRANCIS
                                   Assistant United States Attorney
                                   Eastern District of New York
                                   271 Cadman Plaza East
                                   Brooklyn, New York 11201
                                   (718) 254-6147
                                   Kimberly.Francis@usdoj.gov

                                   *Attorney for Defendant United States of America*

To:     Mark L. Bodner, Esq. (by ECF and Federal Express)
        MARK L. BODNER, P.C.
        350 Seventh Avenue, Suite 604
        New York, New York 10001
        (212) 486-3000
        *Attorneys for Plaintiffs*

        Jordan B. Karp (by ECF and Federal Express)
        FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN LLP
        110 Marcus Boulevard
        Hauppauge, New York 11788
        (631) 232-0200
        *Attorneys for Defendant Victoria Vallejo*

        Laura M. Papa (by ECF and Federal Express)
        Mia-Laine Martinez (by ECF and Federal Express)
        Mark Khavkin (by ECF and Federal Express)
        SHAUB, AHMUTY, CITRIN & SPRATT LLP
        1983 Marcus Ave Suite 260
        New Hyde Park, New York 11042
        (516) 488-3300
        *Attorneys for Defendants Katrina Davis, Melanie Jackson, and Long Island Jewish Forest Hills*

Hal Roberts (by ECF and Federal Express)
Mark Francis McAndrew (by ECF and Federal Express)
VOUTÉ, LOHRFINK, MCANDREW MEISNER & ROBERTS, LLP
170 Hamilton Avenue
White Plains, New York 10601
(914) 946-1400
*Attorneys for Defendants Abdul Shakil Khokhar and North American Partners in Anesthesia, L.L.P.*